Battle, J.
 

 "Without looking into the proofs, there is a clear and indisputable principle, apparent in the bill itself, which shows that it cannot be sustained and must be dismissed. When sued upon the notes, the plaintiffs had, according to their own statement, a complete defence at law, and they have assigned no sufficient reason why they did not avail themselves of it upon the trial before the magistrate. It is not pretended that they were prevented from doing so by any
 
 *196
 
 fraud or deceitful contrivances of the defendant’s intestate, or any other person; and the only reason which they give for having suffered the judgments to be taken by default, was, that from the plaintiff Martin Champion’s “frequent conversations” with the intestate, and from “repeated assurances,” he had no doubt that “ he had received the benefit of his payments, until he learnt- otherwise after the trial.”
 

 It is hardly necessary to cite authority to show that a Court of Equity will never interfere in such a case, and we will refer to two or three only, in our own Courts:
 
 Fentriss
 
 v.
 
 Robins,
 
 N. C. Term Rep. 177;
 
 Peace
 
 v.
 
 Nailing,
 
 1 Dev. Eq. Rep. 289;
 
 Bissell
 
 v.
 
 Bozman,
 
 2 Dev. Eq. Rep. 154.
 

 The payments which are alleged to have been made after •the judgments were taken, are subject to the same objection. The plaintiffs do not indeed say, in their bill, that suits were instituted upon the judgments, but such was the fact, as is shown by the exhibits filed with the answer.
 

 If the plaintiffs were entitled, under the circumstances stated in their bill, to any relief at all, it was by the plain remedy at law of a writ of
 
 reeorda/ri.
 
 All the authorities concur in declaring that they cannot have any relief in Equity,
 
 Wells
 
 v. Goodbread, 1 Ire. Eq. 9.
 

 PeR Cueiam. The bill is dismissed with costs.